## EBERLE v. DERBES

———

(May 2, 1932.  Opinion and Decree.)

———

Wm. A. Shaw, of New Orleans, attorney for plaintiff, appellant.

Lemle, Moreno & Lemle, of New Orleans, attorneys for defendant, appellee.

HIGGINS, J.  Plaintiff, an accountant, sues the defendant, a certified public accountant, to recover the sum of $137.50 alleged to be due for certain fees earned by him while he was in the defendant's employ from January 1, 1921, through March 1, 1921.  Defendant denied liability.  On the trial of the case on the merits there was judgment dismissing the suit, and plaintiff has appealed.

The record shows that plaintiff was employed by the defendant at a salary of $175 per month, and, in addition thereto, he was to receive 25 per cent of all fees in excess of $350 for work done or supervised by him.  The parties had a disagreement, and the plaintiff resigned his position on March 1, 1921.  Plaintiff sued defendant in the civil district court, and, as defendant admitted that he owed the plaintiff $561.87, and plaintiff admitted that he owed the defendant $660 for fees which he had collected from clients, the plaintiff dismissed the suit, and a written contract of settlement was entered into on May 28, 1921, whereby the parties agreed that the two claims canceled each other to the extent of the lesser one, the plaintiff paying the defendant the difference in cash, or the sum of $98.13.  In this written agreement plaintiff reserved his rights as to four items, three of which are claimed to be due in this suit.

This suit was filed on November 2, 1922, and was not tried until nine years later, or November 6, 1931, and the plaintiff makes no explanation of this unusual delay.  Plaintiff in his brief abandons one item of $25 and reduces another from $62.-50 to $38.58, leaving only one item as originally claimed for the sum of $50.

The only witnesses in the case were the plaintiff and the defendant, who both undertook to support their testimony with certain records and memoranda.  A careful reading of the record and exhibits leaves us with the conviction that the documents tend to support the defendant's testimony, rather than the plaintiff's.  Only issues of fact are involved, and the case falls squarely in the category of those cases in which it has been held that an appellate court will not reverse the finding of a trial court on issues of fact merely because the evidence is conflicting.

For the reasons assigned the judgment appealed from is affirmed.